# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31056
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PAL SAT,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-342-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pal Sat was convicted by a jury on two counts of failure to depart pursuant to a lawful order of removal, in violation of 8 U.S.C. § 1253(a)(1)(C). He challenges his conviction on two grounds: sufficiency of his affirmative defense (duress); and claimed improper comments by the Government during closing argument.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-31056

Regarding his duress defense, Sat contends the district court erred by denying his motions for judgment of acquittal.  We review *de novo*, determining whether "a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt".  *United States v. Ferguson,* 211 F.3d 878, 882 (5th Cir. 2000).

At trial, Sat relied on the affirmative defense of duress, which requires a defendant to show:  he was under an unlawful, imminent, and impending threat that would induce a well-grounded fear of death or serious bodily injury; he had not recklessly or negligently placed himself in that situation; he had no legal and reasonable alternative to violating the law; and it was reasonable to anticipate the criminal actions would avoid the possible harm.  *United States v. Posada-Rios,* 158 F.3d 832, 873 (5th Cir. 1998).  Defendant bears the burden of proving each of these elements by a preponderance of the evidence.  *Dixon v. United States,* 548 U.S. 1, 17 (2006).

Sat prevented his removal by refusing, in Alexandria, Louisiana, to board a flight to India on 12 September and 16 October 2012.  Sat's duress defense was based on his testimony that, if he returned to India, he would be attacked and probably killed.  However, a defendant claiming duress must prove the existence of "a real emergency leaving no time to pursue any legal alternative" or an "absolute and uncontrollable necessity" at the time he committed the offense.  *Posada-Rios,* 158 F.3d at 874 (citation and internal quotation marks omitted); *see also United States v. Harper,* 802 F.2d 115, 118 (5th Cir. 1986).  Because Sat's criminal actions occurred at the airport in Alexandria, Louisiana, a rational jury could have found any future harm in India would not constitute the requisite imminent and impending threat at the time of his criminal conduct.  *See, e.g.*, *Harper,* 802 F.2d at 118 (finding "no

evidence [Appellant] was in danger of imminent bodily harm at the moment he [committed the offense]").

Regarding the Government's closing argument, Sat contends it suggested improperly to the jury that it should defer to the prior conclusion of an immigration judge who had considered and rejected Sat's evidence regarding his fear of returning to India. In reviewing properly preserved claims of misconduct during closing arguments, we engage in a two-step analysis. *United States v. McCann,* 613 F.3d 486, 494 (5th Cir. 2010). We first determine whether the remark was improper; if it was, we then review whether the remark affected defendant's substantial rights. *Id.* In evaluating the effect on substantial rights, we consider "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt". *Id.* at 496 (internal quotations marks and citation omitted).

As Sat concedes, because he did not object on this basis in district court, our review is only for plain error. Under the plain-error standard, Sat must show a forfeited clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

In closing, the Government compared the objective standard for fear in the context of receiving asylum with the standard for duress, and stated:

> The government would remind you that an asylum officer already reviewed the defendant's request for asylum. Even though the defendant claims that he had nothing to do with that paperwork, that request has already been reviewed. That request was denied. A hearing was held, and the defendant didn't show up.

No. 13-31056

The Government's statement is supported by the record and factually correct: Sat filed an asylum request; it was denied by an "asylum officer"; and Sat failed to appear for a subsequent hearing.

Even assuming *arguendo* the closing-argument statement was improper, it did not affect Sat's substantial rights. The factually-correct statement comprised only a brief part of the Government's argument. *See, e.g.*, *United States v. Delgado,* 672 F.3d 320, 337–38 (5th Cir 2012) (en banc) ("[A] single statement at closing will rarely justify reversal".). And, the court instructed the jury that the statements of the attorneys were not evidence. *See McCann,* 613 F.3d at 497 (noting even generic cautionary instructions have a "minor mitigating effect" on improper, prejudicial statements by a prosecutor).

Finally, even if the jurors thought Sat should have been granted asylum, this was not the issue before them; as discussed above, a rational jury could have found that, even if he legitimately feared harm in India, Sat had failed to establish an imminent threat of harm at the time of his criminal activity. In short, Sat cannot establish reversible plain error.

AFFIRMED.